OPINION OF THE COURT
Herman Cahn, J.
Plaintiff (Oxhandler) moves pursuant to CPLR 3213 for summary judgment on a promissory note. Defendant (Billard) cross-moves for summary judgment on the ground that the note is usurious or for a dismissal or a stay of the action on *39 the ground that there is another action pending for the same relief in New Jersey.
Oxhandler is a subcontractor and was engaged by various New Jersey corporations or partnerships controlled by Billard to perform work in the construction of buildings in New Jersey. By the end of 1978, the Billard enterprises were in default in payment, and Oxhandler refused to do further work on the 80 Plaza East project. In January, 1979, Billard gave Oxhandler his personal promissory note for $50,000, payable in 30 days, as a guarantee that Oxhandler would receive $50,000 as further partial payment toward the amount due and owing. Oxhandler resumed its construction work. After 30 days, it presented the note for payment but payment was refused. Billard subsequently died. Oxhandler now brings this action against his estate.
The note called for interest at the rate of 12% per annum. Defendants claim that the note is usurious and void by virtue of section 5-511 of the General Obligations Law. Oxhandler claims that the note did not show any interest rate when Billard signed it; that his bank refused to accept it without a statement of the rate of interest; Oxhandler returned the note to Billard, and he added the interest provision.
If the note is usurious, Oxhandler may not recover on it as it now stands. See Matter of Dane (55 AD2d 224, 226): "where the rate of interest on the face of a note is in excess of the legal rate, it cannot be argued that such a loan may be saved because the borrower prompted the loan or even set the rate. The usury statutes are for the protection of the borrower and the purpose of section 5-511 of the General Obligations Law would be thwarted if the lender could avoid its consequences by asking the borrower to set the rate.”
Although the note calls for interest higher than ordinarily allowed, it is not usurious within the provisions of section 5-511 of the General Obligations Law. That section condemns only notes, etc., at excessive interest "for the loan or forebearance of any money, goods or other things in action”. There is no contention that Oxhandler made a loan to Billard or to the Billard enterprises. To constitute a loan there must be a borrower and a lender and, where there is no loan, there can be no usury. Despite the breadth of the term "goods” (modified however by the "or other things in action” [emphasis added]), it has been held to apply only to the loan or forebearance of money. (Bull v Rice, 5 NY 315.) Here, Billard gave his per *40 sonal note to Oxhandler to induce it to continue to do work on the building. GTP Leisure Prods. v Cannella (58 AD2d 1040, 1041) awarded summary judgment to a seller, despite an extra charge upon past due accounts: "The charges imposed upon past due accounts were not interest charges, but service charges 'for the privilege of purchasing on credit’ ”.
There is an additional reason for granting Oxhandler summary judgment. The usury laws do not apply to corporate borrowings or to individual guarantees of corporate borrowings. (Schneider v Phelps, 41 NY2d 238.)
Billard points out that Oxhandler is not a holder in due course of the promissory note. It claims that there is a failure of consideration, i.e., that Oxhandler performed its work improperly or that there is, at the very least, a question of fact. Billard cites cases in which payees received notes in advance of the performance of services. Here, Billard gave the note after Oxhandler performed its services. If Billard could now resist payment on the ground that Oxhandler had done its work negligently or not at all, the giving of the note was a deceptive gesture. Having given the note and persuaded Ox-handler to go on with its work, Billard is estopped to deny that the work already completed was not worth $50,000. The note is also an acknowledgement par excellence of a partial statement of account. (See Interman Ind. Prods. v R.S.M. Electron Power, 37 NY2d 151; Rothschild v Title Guar. & Trust Co., 204 NY 458; De Tata v Tress, 4 AD2d 748.)
Billard also resists summary judgment on the ground that there is another action pending between the parties (CPLR 3211, subd [a], par 4). This argument has little weight. Oxhandler has sued in New Jersey in contract and for work, labor and services. It acknowledges that any recovery in this action will be applied to the New Jersey claim. However, the actions are by no means identical. In the New Jersey action, the defendants are Billard, his son, the Billard enterprise and a bank; here the defendant is only the Billard estate. The New Jersey action covers the range of Oxhandler contracts with the Billard enterprises. This action involves only Anthony Billard’s individual note.
The court grants the plaintiff summary judgment on the promissory note and denies the defendants’ cross motion.