■ FARM STORES, INC., Appellant, v SCHOOL FEEDING CORP., Respondent.—Amended judgment of the Supreme Court, New York County, entered July 2, 1980, to the extent it denied plaintiff's fixed service charge of 1% per month on sums past due from defendant School Feeding Corp.; denied plaintiff's motion to discontinue the second cause of action without prejudice; and denied plaintiff's posttrial motion to reargue or renew said motion, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs, to include in the judgment the service charge of 1% per month and grant plaintiff's motion to discontinue the second cause of action without prejudice. Plaintiff sold and delivered orange and other juices to defendant School Feeding Corp., pursuant to orders placed by said defendant. The front of each order form, at the bottom, contained the legend "The terms and conditions printed on the reverse side are an integral part of this order." In each instance, the form was signed below that statement by a representative of said defendant. Paragraph 4 on the back of the form provided "SERVICE CHARGE. A service charge of one and one half per cent (1½%) per month on the unpaid balance will be made on all past due accounts." We find that each form, upon the signature of defendant's representative, constituted a written contract between the parties that included paragraph 4. The terms of that paragraph are specific and unambiguous, obligating said defendant to pay such service charge on accounts past due more than a month. In the circumstances, it was error for the trial court to have considered testimony of discussions prior to these sales as negating this agreement to pay service charges. Further, it was error for the

court to have considered the fact that the weekly bills submitted by plaintiff did not include the amount of service charges already due as evidence that no agreement to pay service charges existed. Parol evidence, whether oral or written, is not admissible to vary or contradict the terms of a written contract clear on its face. The written agreement speaks for itself. The interpretation of such contract is a matter of law (*General Phoenix Corp. v Cabot,* 300 NY 87, 92). In any event, even considering the parol evidence, we conclude that plaintiff could recover the service charge. Plaintiff's failure to include the service charge in its weekly billings is explained by the fact that by the terms of the written contract, the charge became due one month after delivery of merchandise, and not weekly. The weekly bill form was used by plaintiff solely to bill the defendant for the price of that week's purchases. We find no evidence in the record which undermines plaintiff's right to collect such charge. Accordingly, plaintiff is entitled to recover the 1% service charge (voluntarily reduced by plaintiff from 1½%), sued for in the first cause of action. With reference to the second cause of action seeking to set aside fraudulent transfers of assets by defendant School Feeding Corp. to the individual defendants, we are of the opinion that the court abused its discretion in denying plaintiff's motion pursuant to CPLR 3217 (subd [b]) for leave to discontinue same without prejudice. It appears that during the case, defendants, in spite of court orders, successfully engaged in tactics which impeded and frustrated plaintiff's attempts to obtain disclosure. While plaintiff, if it intended to discontinue the second cause of action, might well have sought to do so before the eve of trial, nevertheless there is nothing in the record to suggest defendants would have been prejudiced by the discontinuance. Accordingly, the motion should have been granted. Settle order. Concur—Kupferman, J. P., Birns, Ross, Bloom and Carro, JJ.