■ ANNA BRUCKER, as Administratrix of the Estate of LORETTA O'DWYER, Deceased, Respondent, v HUDSON VIEW NURSING HOME, Appellant. — In an action to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Brownstein, J.), dated February 21, 1980, which, inter alia, (1) denied its motion to dismiss this action for plaintiff's failure to timely serve a complaint and (2) granted plaintiff's cross motion to compel defendant to accept service of the complaint upon condition that plaintiff's counsel personally pay a penalty to defendant. Order reversed, on the law, with $50 costs and disbursements, motion granted, cross motion denied and action dismissed. The only excuse proffered for failure to timely serve the complaint was that a secretary employed in the office of plaintiff's attorney incorrectly marked the file to the effect that the complaint had been served. An excuse which lays the default at the door of plaintiff's lawyer of record, trial counsel, other associated counsel, or employees of any of the lawyers, comes under the category of so-called "law office failure" (Sortino v Fisher, 20 AD2d 25, 29). In Moran v Rynar (39 AD2d 718) we held that, in the exercise of discretion, a defaulting party could be relieved of the consequences of such a law office failure upon the condition that his counsel personally pay a penalty for his neglect, and in this case Special Term followed the approach of Moran so as to save the action for the plaintiff. In Barasch v Micucci (49 NY2d 594) the Court of Appeals held that law office failure was an insufficient excuse as a matter of law. Hopkins, J. P., Damiani, Gibbons and Weinstein, JJ., concur.

■ CHEMICAL BANK, Respondent, v GEORGE R. VALENTINI, Defendant, and PARVIN K. VALENTINI, Appellant. — In an action on a promissory note, defendant Parvin Valentini appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated September 10, 1980, which granted plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered October 29, 1980, awarding plaintiff the principal sum of $11,145.73. Appeal from the order dismissed. That order is brought up for review upon appeal from the final judgment (see Matter of Aho, 39 NY2d 241, 248). Judgment affirmed. Plaintiff is awarded one bill of $50 costs and disbursements. Defendant Parvin Valentini was an accommodation comaker on a promissory note between her husband and the Chemical Bank. Her defense to the instant action commenced against her by the bank, upon her husband's default on the note, is that the bank unjustifiably impaired the collateral provided by her husband (see Uniform Commercial Code, § 3-606, subd [1], par [b]). She contends that the failure of the bank to object to the listing of its debt in her husband's bankruptcy petition as unsecured, when in fact the debt was secured, should result in the discharge of her liability. However, a creditor need not take affirmative action to enforce the security, absent any implied duty to do so (see Executive Bank of Fort Lauderdale v Tighe, 66 AD2d 70, 75; 57 NY Jur, Suretyship and Guaranty, § 200; 10 Williston, Contracts [3d ed], § 1233; see, also, Leslie Fay, Inc. v Rich, 478 F Supp 1109). Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.