■ JEFFREY FEINBERG et al., as Coexecutors of BENJAMIN L. FEINBERG, Deceased, Respondents, v OLD VESTAL ROAD ASSOCIATES, INC., et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered September 2, 1988 in Broome County, upon a decision of the court, without a jury, in favor of plaintiffs.

In February 1985, defendants became interested in purchasing the Vestal Tennis Center in the Town of Vestal, Broome County. As a result, defendant Edward V. Green contacted Benjamin L. Feinberg (hereinafter decedent) seeking help with financing the planned purchase. Thereafter, on March 7, 1985, decedent personally borrowed $725,000 from Endicott Trust Company. Endicott disbursed the loan proceeds in two checks; one payable to Marine Midland Credit Corporation in the amount of $690,000 for the purchase of the property by defendants and the other in the amount of $35,000 payable to defendants' attorneys. The collateral for this transaction consisted of various certificates of deposit and bonds pledged by decedent and his family.

Thereafter, three separate agreements prepared by defendants' attorneys and dated March 7, 1985 were executed in conjunction with this transaction. The first, entered into between decedent and Green, individually and as president of defendant Old Vestal Road Associates, Inc., provided that defendants pay decedent $75,000 as a finder's fee. Also executed was an escrow agreement in which defendants gave the deed to the purchased property as security for the note executed by defendants to decedent, which was to be released

upon defendants' repayment of the $725,000, and a note from the corporate defendant to decedent for the $725,000 without interest, which was unconditionally guaranteed by Green and payable upon demand within 60 days. Subsequently, the $725,000 loan was repaid by defendants on June 27, 1985. The deed held in escrow by decedent's attorney was released to defendants the following day. Following the conclusion of this transaction, plaintiffs*, in their capacities as executors of decedent's estate, unsuccessfully demanded payment of the $75,000 finder's fee. When payment was not tendered, plaintiffs brought the instant action to recover the $75,000. At the conclusion of a nonjury trial, Supreme Court awarded plaintiffs judgment in the requested amount plus interest and costs. This appeal followed.

At the outset we note that in disputing their obligation to plaintiffs, defendants have taken the position that the disputed finder's fee agreement was nothing more than an unenforceable usurious loan. On this point we note that although a corporation and its individual guarantor are generally prohibited from the right to interpose the defense of usury in an action (General Obligations Law § 5-521 [1]; *see, Schneider v Phelps*, 41 NY2d 238, 242), this prohibition is not applicable to any action where the corporation interposes a defense of criminal usury under Penal Law § 190.40 (General Obligations Law § 5-521 [3]; *see*, 72 NY Jur 2d, Interest and Usury, § 131, at 155), which is what occurred in the instant case. Supreme Court determined, however, that not only was the agreement not usurious (criminally or otherwise), it was not a loan at all but, rather, a true finder's fee arrangement.

With this conclusion we must agree. "The rudimentary element of usury is the existence of a loan or forbearance of money" *(Matter of City of Binghamton [Ritter]*, 133 AD2d 988, 989, *lv dismissed* 70 NY2d 1002; *see*, General Obligations Law § 5-501; *see also*, 72 NY Jur 2d, Interest and Usury, § 62, at 84). "[W]here there is no loan, there can be no usury" *(Oxhandler Structural Enters. v Billard*, 104 Misc 2d 38, 39). When a transaction is challenged as usurious, courts traditionally look beyond the standard form of the transaction and attempt to ascertain its true nature *(see, Kuklis v Treister*, 83 AD2d 545). In other words, "[a] transaction must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it" *(Lester v Levick*, 50 AD2d 860, 862-863 [Christ, J., dissenting],

---

* Decedent died in July 1985.

*revd on dissenting mem below* 41 NY2d 940; *see,* 72 NY Jur 2d, Interest and Usury, § 56, at 76). Significantly, there is a strong presumption against a finding of usury *(see, Giventer v Arnow,* 37 NY2d 305, 309; *Lehman v Roseanne Investors Corp.,* 106 AD2d 617, 618), and this defense must be established by clear and convincing evidence as to all its elements *(Giventer v Arnow, supra,* at 309; *Matter of City of Binghamton [Ritter], supra,* at 989).

Here, giving due deference to Supreme Court's assessment of the witnesses' demeanor and credibility *(see, Tomaino v Tomaino,* 68 AD2d 267, 269), the evidence supports the court's finding that the subject agreement was truly a finder's fee arrangement and that defendants did not overcome the presumption against usury. The agreement is labeled a "Finder's Fee" arrangement and states that decedent was to be paid $75,000 "in consideration of the mutual covenants herein expressed and other lawful and valuable consideration". At trial, Green acknowledged that not only was decedent's collateral tied up while the loan from Endicott was outstanding, Green also sought and received decedent's advice and assistance regarding the financial structuring for the deal. More importantly, Green testified that he recognized the $75,000 debt and intended at the time to pay it. Another relevant consideration is the fact that the escrow agreement, which defendants appear to contend is the controlling document here, consistently refers to decedent as "Finder" and these documents were apparently drafted by Green's attorney. There is also considerable testimony that decedent never received the proceeds of nor made any payments on the initial $725,000 loan from Endicott to decedent. The interest and payments on the loan were paid directly to Endicott by defendants. Taking all this information into account, we cannot find that Supreme Court erred in finding that the true nature of the transaction was a finder's fee arrangement rather than a front for a usurious loan.

As a final matter, we note that it was not reversible error for Supreme Court not to permit Green to testify as to what he felt was the true character of the transaction between defendants and decedent *(see,* CPLR 4519).

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.