■ ROBERT A. DONATELLI et al., Respondents-Appellants, v STEVEN L. SISKIND, Appellant-Respondent.—In an action pursuant to CPLR 3213 to recover on two promissory notes, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated July 12, 1989, as denied his cross motion for summary judgment dismissing the action. The plaintiffs cross appeal from so much of the same order as denied their motion for summary judgment in lieu of complaint.

Ordered that the order is modified by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the promissory note dated December 31, 1981, and substituting therefor a provision granting that branch of the plaintiffs' motion; as so modified, the order is affirmed, with costs payable to the plaintiffs.

In December 1980 the defendant and the law firm of which the plaintiffs were the sole partners entered into an "Agreement of Association" whereby the defendant agreed to perform certain legal services for the firm in return for the use of the firm's services and facilities. In addition to provisions for the division of fees, the agreement also provided that the defendant would contribute toward his share of the overhead expenses. Moreover, to the extent that the defendant's personal and overhead expenses exceeded his share of the gross revenues, he would be considered overdrawn, and he was required to pay to the firm any overdrawn amount upon

demand. The agreement further provided that if the sum were not paid when demanded, the defendant would pay such amount to the plaintiffs individually at an interest rate of 18% per annum, payable on demand.

In December 1981, the firm and the defendant reviewed the books and records of the firm and, pursuant to the agreement of association, executed a "settlement of account" which stated that the defendant was overdrawn by $23,833. In addition, the defendant acknowledged at that time that he owed the firm such sum and signed a promissory note in the amount of $23,833 for this overdraw, bearing interest at a rate of 18% per annum. The parties continued their relationship until February 1982 and on February 26, 1982, the defendant signed a second promissory note in the amount of $13,568.94.

The defendant contends that these transactions were usurious loans and, therefore, null and void. We disagree. It is well established that there can be no usury in the absence of a loan or forbearance of money (see, London v Toney, 263 NY 439; Stockwell v Holmes, 33 NY 53; Dry Dock Bank v American Life Ins. & Trust Co., 3 NY 344). In order for a transaction to constitute a loan, there must be a borrower and a lender; and it must appear that the real purpose of the transaction was, on the one side, to lend money at usurious interest reserved in some form by the contract and, on the other side, to borrow upon the usurious terms dictated by the lender (see, Orvis v Curtiss, 157 NY 657, 661). The usury statutes do not apply to a joint venture agreement between attorneys who have entered into an association in order to make a profit. An agreement between members of an association that provides a formula under which the operating expenses of the venture and certain revenues shall be divided, and which further provides that to the extent the expenses exceed the revenues produced by a member it shall be considered an overdraw to be paid back in an amount in excess of lawful interest is not, of itself, a usurious agreement but one that is valid and enforceable (see, Orvis v Curtiss, 157 NY 657, supra; Payne v Freer, 91 NY 43; Quale v McDaniels, 127 Misc 571). Similarly, a note evidencing that overdraw would not be usurious.

The record reveals that the accounts for the period of December 6, 1980, to October 1, 1981, were settled and that the parties entered into a settlement of account wherein the defendant acknowledged that he had overdrawn in the amount of $23,833. The defendant further signed a promissory note dated December 31, 1981, and due one year later, evi-

dencing this debt. As there are no triable issues of fact with respect to this note *(see, Marine Midland Bank-Southern v Thurlow,* 53 NY2d 381; *Farm Stores v School Feeding Corp.,* 79 AD2d 504, *affd* 53 NY2d 910), the plaintiffs are entitled to recover thereon, less the sums already applied to the principal, together with interest at 18% per annum.

However, there is no settlement of account agreement to evidence the debt on the second promissory note dated February 26, 1982; and even though the plaintiffs allege that this amount reflects the sum overdrawn by the defendant for the period between October 1, 1981, to February 24, 1982, the time when the defendant left the venture, the defendant disputes these facts. A trial should be held to determine the facts under which this second promissory note was executed. If it was executed to evidence an overdraw under the terms of the agreement of association, then a final accounting should be conducted to determine the actual amount overdrawn.

Finally, we note that the plaintiffs timely commenced the action to recover each note, since they served the summons and motion for summary judgment in lieu of complaint upon the defendant within six years after each note matured *(see,* CPLR 203, 206, 213; Uniform Commercial Code § 3-122). Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.