JOSEF FRIED, Appellant, v GUILLERMO BOLANOS et al., Respondents.

Third Department, January 7, 1993

## APPEARANCES OF COUNSEL

*Frost & Berenholtz,* New York City *(Joseph Frost* of counsel), for appellant.

*Montes & Potack,* New York City *(Frederic B. Potack* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether Supreme Court erred in granting summary judgment to defendants based upon their claim that the transaction underlying plaintiff's action involved a usurious loan. We agree with plaintiff that questions of fact exist concerning the nature of the transaction and, therefore, Supreme Court's order must be reversed.

Pursuant to a contract executed June 25, 1986, plaintiff agreed to purchase and defendants agreed to sell certain real property located in Sullivan County for $225,000. Plaintiff made a down payment of $22,500 and the closing was scheduled for August 5, 1986. On July 30, 1986, defendants executed a written receipt acknowledging two additional payments from plaintiff totaling $71,680 as further deposits on the real estate contract.

Plaintiff commenced this action in April 1987 seeking, *inter alia,* specific performance of the real estate contract. As a defense and counterclaim defendants asserted that the July 30, 1986 transaction was a usurious loan, whereby defendants borrowed $60,000 from plaintiff and paid $11,680 in interest to plaintiff. Defendants moved for summary judgment, contending that the entire transaction, including the real estate contract, was void due to the usurious loan. Supreme Court granted the motion, dismissed plaintiff's complaint, canceled the real estate contract, and directed that defendants retain the entire amount paid to them by plaintiff. Plaintiff appeals.

Usury must be proved by clear and convincing evidence as to all its elements and will not be presumed *(Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 261). In support of their motion for summary judgment, defendants submitted their own affidavits which allege that after the real estate contract

was executed, defendants asked plaintiff to loan them the sum of $60,000 which would be credited to plaintiff on the real estate transaction. According to defendants, plaintiff presented them with a check for $60,000 and a second check for $11,680, which plaintiff described as the interest he was charging for the $60,000 loan. According to defendants, they endorsed the $11,680 check and handed it back to plaintiff. The record contains the two checks endorsed by defendants and a bank deposit slip which appears to establish that plaintiff cashed an $11,680 check at the bank. In opposition to the motion, plaintiff submitted an affidavit which alleges that he advanced the entire $71,680 to defendants at their request, as an additional deposit on the real estate contract, and that there was no loan. According to plaintiff, he made out separate checks at defendants' request and at the further request of one of the defendants, plaintiff went to his bank, redeposited the $11,680 check into his account and obtained cash in that amount, which he gave to one of the defendants who allegedly needed it to pay several creditors.

Unless the real purpose of the transaction was, on the one side, to lend money at usurious interest and, on the other side, to borrow upon the usurious terms dictated by the lender, there can be no usury *(Donatelli v Siskind,* 170 AD2d 433, 434). The existence of a loan or forbearance of money is the rudimentary element of usury *(Feinberg v Old Vestal Rd. Assocs.,* 157 AD2d 1002, 1003). The allegations of plaintiff's affidavit, which are based upon plaintiff's personal knowledge, are sufficient to raise a question of fact as to the nature of the transaction and whether, in fact, it was a loan. Defendants' contention that plaintiff's affidavit contains inconsistencies and is not supported by an affidavit of a third party who was allegedly present at the transaction involves a matter of credibility which cannot be resolved on a summary judgment motion *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341; *Fulmont Mut. Ins. Co. v Toran,* 158 AD2d 829, 831; *cf., Rickert v Travelers Ins. Co.,* 159 AD2d 758, 759-760, *lv denied* 76 NY2d 701).

It is also the general rule that "when the terms of the agreement are in issue, and the evidence is conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate" *(Giventer v Arnow,* 37 NY2d 305, 309). Assuming that the transaction at issue herein was a loan, the terms of the agreement are unclear. In particular, the question of whether the $11,680 interest allegedly paid by defen-

dants was charged at a usurious rate cannot be determined unless the term of the loan is determined. Defendants do not allege when the loan was to be repaid, but their attorney argues that repayment would occur upon closing of the real estate contract and that although time was not made of the essence in the contract, it is reasonable to assume that the closing was to occur within one year of the loan. As previously noted, however, usury must be proved by clear and convincing evidence as to all its elements and will not be presumed *(Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 261, *supra)*. We note that the closing did not occur and defendants have had the use of the $60,000 principal since July 30, 1986. Had plaintiff's application for specific performance of the real estate contract been granted at any time after issue was joined in March 1988, the annual rate reflected by the $11,680 interest payment would not have been usurious. We conclude, therefore, that even if the disputed transaction was a loan, defendants failed to satisfy their burden as the movants to establish a prima facie entitlement to judgment as a matter of law on the usury issue.

As a final matter, we note that Supreme Court invalidated not only the purported usurious transaction, but also the real estate contract. That a subsequent transaction may be illegal " 'cannot impart the taint and the consequences of usury to an antecedent agreement, fair, and just, and upright in itself' " *(Eikenberry v Adirondack Spring Water Co.,* 65 NY2d 125, 129, quoting *Lesley v Johnson,* 41 Barb 359, 362). There is no allegation that the real estate contract, which was executed prior to the alleged usurious transaction, was not fair, just and upright in itself. Accordingly, even if the subsequent transaction was a usurious loan, there was no basis for invalidating the real estate contract and forfeiting plaintiff's $22,500 down payment on that contract. Supreme Court's order must therefore be reversed and defendants' motion for summary judgment denied.

WEISS, P. J., MERCURE, CREW III and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.