■ MICHAEL FREY et al., Respondents, v MALRATH REAL ESTATE DEVELOPMENT CORPORATION, Appellant. [605 NYS2d 451] —Cardona, J. Appeal from an order of the Supreme Court (Rose, J.), entered July 22, 1992 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

At issue on this appeal is whether Supreme Court erred in denying summary judgment to defendant based upon its claim that the transaction underlying plaintiffs' action involved a criminally usurious loan. We agree with Supreme Court that questions of fact exist concerning the nature of the transaction and, therefore, affirm.

Pursuant to the terms of two separate but identically worded agreements dated September 30, 1987, each plaintiff

advanced $30,000 to finance a 120-lot single-family residential subdivision to be developed by defendant. Essential terms of the parties' agreement provide as follows: "(a) As consideration for Investor's [plaintiffs'] participation, Owner [defendant] agrees to pay Investor the sum of Seven Hundred Fifty Dollars ($750.00) for each lot sold by it up to a maximum of fifty (50) lots and Thirty-Seven Thousand Five Hundred ($37,500.00); and payment in full shall be due on or before July 1, 1990. * * * (b) Additionally, Investor shall be entitled to the conveyance to him on or before July 1, 1990, of one standard, interior lot of his choice in the Property without additional consideration. * * * (c) If insufficient lots are developed to convey a developed lot to Investor by July 1, 1990, then Owner shall pay Investor the sum of Twenty-Eight Thousand Dollars ($28,000.00) in lieu of the conveyance of such lot by that date." Defendant paid each plaintiff the sum of $16,500 from the sale of 22 lots at $750 per lot. Additionally, defendant transferred a lot to each plaintiff with the result that plaintiffs Michael Frey and Donald Mastro have received payments and conveyances totalling $45,500 and $46,500, respectively.

On April 17, 1991, plaintiffs commenced this contract action to recover the remaining balance on each agreement of $21,000. Defendant does not dispute that this is the amount owed under the agreements. The defense[1] of criminal usury[2] is pleaded alleging that the $30,000 advance from each plaintiff is a loan at an annualized interest rate of 39%. Plaintiffs contend that the money advanced was an investment in the nature of a joint venture or limited partnership and not a loan.

"Unless the real purpose of the transaction was, on the one side, to lend money at usurious interest and, on the other side, to borrow upon the usurious terms dictated by the lender, there can be no usury (Donatelli v Siskind, 170 AD2d 433, 434). The existence of a loan or a forbearance of money is a

---

1. Although corporations are prohibited from interposing a defense of civil usury (General Obligations Law § 5-521), there is a statutory exception that permits them to interpose an affirmative defense of criminal usury as described in Penal Law § 190.40 (General Obligations Law § 5-521 [3]).

2. "A person is guilty of criminal usury in the second degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on a loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period" (Penal Law § 190.40).

rudimentary element of usury *(Feinberg v Old Vestal Rd. Assocs.,* 157 AD2d 1002, 1003)" *(Fried v Bolanos,* 187 AD2d 108, 110). We agree with Supreme Court that the parties' agreement provides some evidence that the repayment of the moneys advanced by plaintiffs was contingent upon the future sale of lots and the future value of the developed lots to be transferred to them. Additionally, repayment of the moneys does not appear to have been secured by a mortgage or any other form of collateral or security. These elements of risk *(see, Equity Serv. Corp. v Agull,* 250 App Div 96, 98; *Matter of Bechtoldt,* 159 Misc 725) are sufficient to raise questions of fact as to whether the parties intended the transaction to be a loan, and, if so, whether plaintiffs intended to lend at a usurious rate, or a "joint venture * * * to deal in property in order to make profit" *(Orvis v Curtiss,* 157 NY 657, 662).

Usury will not be presumed and must be proved by clear and convincing evidence *(see, Fried v Bolanos, supra,* at 109). We conclude that defendant has failed to satisfy its burden as a matter of law. Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.