■ CARROWKEEL INVESTMENT COMPANY, Respondent, v BARNABAS B. BREED, as Executor of WARREN B. GEDDES, Deceased, Appellant. [611 NYS2d 249] —In an action to recover upon a promissory note, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 6, 1992, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court found that the defendant failed to show the existence of a triable issue of fact sufficient to preclude the granting of summary judgment in favor of the plaintiff. We agree.

In December 1983, the defendant's decedent Warren Geddes, and First American Holdings, Inc., a New York corporation (hereinafter First American), executed a promissory note, as joint and individual obligors, payable to the plaintiff Carrowkeel Investment Company. The note was secured by all of the assets and receivables of First American, and a UCC-1 form was executed by First American. On November 17, 1986, Mr. Geddes died. The defendant, his executor, subsequently sold all of the operating assets of First American to Croxley Securities Acquisition Corporation (hereinafter Croxley). Thereafter, First American ceased doing business and Croxley formed a new corporation in Delaware, also named First American Holdings, Inc. (hereinafter the Delaware Corporation). First American changed its name to American Investment Services to avoid confusion while clear-

ing up any remaining business. The Delaware Corporation continued making payments to the plaintiff until July 1989. The Delaware Corporation discontinued making payments, and, in or about February 1991, it was discharged in bankruptcy.

Where, as here, the debtor has failed to come forward with proof sufficient to create an issue of fact as to a defense to this instrument, summary judgment is appropriate *(see, Marine Midland Bank-S. v Thurlow,* 53 NY2d 381; *Farm Stores v School Feeding Corp.,* 79 AD2d 504, *affd* 53 NY2d 910; *Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151). Contrary to the defendant's contention, the payments accepted by the plaintiff from the Delaware Corporation did not constitute a novation, or discharge the estate from personal liability on the note *(see, Northville Indus. Corp. v Fort Neck Oil Terms. Corp.,* 64 NY2d 930; 6 Corbin, Contracts § 1297, at 213 [1962]).

Moreover, insofar as the changes in the status of First American and the sale of the assets securing the note were initiated by the defendant Executor as voluntary business decisions, equity requires that the defendant be estopped from claiming these changes discharged the estate from liability *(see, United States Shoe Corp. v Hackett,* 793 F2d 161; *Fehr Bros. v Scheinman,* 121 AD2d 13).

We have considered the defendant's remaining contentions and find them to be without merit *(see, Chemical Bank v Valentini,* 84 AD2d 801; *Braloff v Greenberg,* 284 App Div 1054; *see also, Donatelli v Siskind,* 170 AD2d 433). Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.