■ Josef Fried, Appellant, v Guillermo Bolanos et al., Respondents. [629 NYS2d 538] —Casey, J. Appeals from that part of a judgment and an amended judgment of the Supreme Court (Torraca, J.) in favor of defendants on, *inter alia,* their first counterclaim, entered June 27, 1994 and August 30, 1994 in Sullivan County, upon a decision of the court.

Plaintiff commenced this action seeking, *inter alia,* specific performance of a real estate contract whereby plaintiff agreed to purchase and defendants agreed to sell certain real property located in Sullivan County for $225,000. As a defense and counterclaim, defendants asserted that a transaction between the parties which occurred after the execution of contract was a usurious loan. As a result of the transaction, defendants executed a written receipt acknowledging two payments from plaintiff totaling $71,680 as additional deposits on the real estate contract. According to defendants, the transaction was actually a loan, whereby defendants borrowed $60,000 and paid $11,680 in interest to plaintiff. Both the principal and interest were due to plaintiff upon closing by crediting him with $71,680 in calculating the balance of the principal due on the purchase price of the real property.

On a prior appeal, we held that questions of fact existed concerning the nature of the transaction and, therefore, we reversed an order that had granted summary judgment to defendants (187 AD2d 108). After a nonjury trial, Supreme Court found, *inter alia,* that plaintiff was entitled to specific performance of the real estate contract and that defendants were correct in their claim of a usurious loan. Plaintiff appeals.

On the prior appeal, we explained: "[T]he question of whether the $11,680 interest allegedly paid by defendant was charged at a usurious rate cannot be determined unless the term of the loan is determined. Defendants do not allege when the loan was to be repaid, but their attorney argues that repayment would occur upon closing of the real estate contract and that although time was not made of the essence in the contract, it is reasonable to assume that the closing was to occur within one year of the loan. As previously noted, however, usury must be proved by clear and convincing evidence as to all its ele-

ments and will not be presumed" (*supra*, at 110-111 [citation omitted]).

Based upon the evidence at trial, Supreme Court concluded that defendants had paid plaintiff $11,680 interest on a $60,000 loan, which was to be repaid upon closing of the real estate contract. Absent from the court's findings, however, is a determination of the term of the loan which, as we emphasized on the prior appeal, is essential to determining whether the loan was usurious. Repayment of the loan was not required by a certain date but was contingent upon an event (the closing) that did not occur within a time period that would have made the loan usurious, and there is no clear and convincing evidence in the record that occurrence of the event within that time period was required by the parties' agreement, or was actually intended by both parties when the loan was made. That the loan would have been usurious if the closing had occurred as originally scheduled is, in our view, insufficient to establish a usurious loan. Because the parties chose to make the term of the loan dependant upon the occurrence of an event that was not certain to occur within a fixed period of time, the term was not sufficiently definitive to permit a determination of the interest rate reflected by the single lump-sum interest payment. As a result of the contingent repayment requirement, defendants have had the use of the $60,000 principal since July 30, 1986 for a single interest payment of $11,680. We conclude, therefore, that the evidence does not support the finding of a usurious loan.

Plaintiff argues that the $71,680 transaction was not a loan but rather an additional deposit on the real estate contract, so that he is entitled to interest from the date of the deposit. Supreme Court's finding that the transaction was a loan involved an assessment of the credibility of plaintiff and defendant Guillermo Bolanos. We see no basis to disturb Supreme Court's finding. Accordingly, although plaintiff is entitled to a credit for the $71,680 in determining the balance of the purchase price due on the real estate contract, he is not entitled to interest on that amount.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment and amended judgment are modified, on the law and the facts, without costs, by deleting the tenth, eleventh and twelfth decretal paragraphs thereof; substitute therefor a paragraph which provides that in calculating the balance of the purchase price due on the real estate contract, plaintiff is entitled to a credit of $71,680, which represents principal and interest on the loan of July 30, 1986 due upon closing; and, as so modified, affirmed.