■ JOSEF FRIED, Appellant, v GUILLERMO BOLANOS et al., Respondents. [647 NYS2d 62] —Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 19, 1995 in Sullivan County, which denied plaintiff's motion for an accounting.

Plaintiff originally commenced this action in April 1987 principally seeking specific performance of a real estate contract whereby plaintiff agreed to purchase and defendants agreed to sell certain real property located in Sullivan County. As a defense and counterclaim to this action, defendants asserted that a transaction between the parties which occurred following the execution of the contract constituted a usurious loan. Consequently, defendants moved for summary judgment voiding the real estate contract and Supreme Court granted this motion and dismissed the complaint. On appeal, this Court reversed the order, holding that questions of fact existed concerning the nature of the transaction (187 AD2d 108).

After a nonjury trial, Supreme Court found, *inter alia*, that plaintiff was entitled to specific performance of the real estate contract and that defendants were correct in their claim of a usurious loan. Plaintiff appealed and this Court modified the judgment and amended judgment to the extent of holding that the record did not support a finding that the loan was usurious (217 AD2d 823). Subsequently, plaintiff brought the subject motion seeking to have Supreme Court grant an accounting for the rents and profits reportedly earned from the property by plaintiff from the date of the original closing. Supreme Court denied this motion in its entirety and plaintiff now appeals.

We affirm. Significantly, in his appeal from the determination by Supreme Court following the nonjury trial, plaintiff specifically limited his appeal to the issue of usury and did not challenge the relief granted by the court as incomplete. In any event, Supreme Court did not abuse its discretion by denying plaintiff's motion. While there is no question that an accounting and/or award of relief in addition to a grant of specific performance is often appropriate to "place the parties in the same situation as they would have been had the contract been performed according to its terms" (*4200 Ave. K Realty Corp. v 4200 Realty Co.*, 123 AD2d 419, 421, *lv dismissed* 69 NY2d 944), such relief is not mandatory (*see, Worrall v Munn*, 38 NY 137; *see also*, 96 NY Jur 2d, Specific Performance, § 78, at 422). Here, while plaintiff was not given the opportunity to recover payments for rents and profits lost due to the delay in closing, he was also not directed to pay defendants interest on the purchase money due (*cf., Worrall v Munn, supra*, at 146). Under the particular circumstances presented here, we do not find it inequitable to leave the parties in the same position without the necessity of an accounting.

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.