■ Josef Fried, Appellant, v Guillermo Bolanos et al., Respondents. [672 NYS2d 453] —Cardona, P. J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered June 18, 1997 in Sullivan County, which denied plaintiff's application for an order directing specific performance of a contract.

This appeal involves litigation by parties to a real estate contract executed in July 1986 concerning property located in the Town of Fallsburg, Sullivan County, which plaintiff agreed to purchase from defendants for the sum of $225,000. The parties have had various disagreements concerning this transaction, the facts of which are set forth in our prior decisions (*see*, 187 AD2d 108; 217 AD2d 823; 231 AD2d 824, *lv denied* 89 NY2d 977).

Following a nonjury trial in 1994, Supreme Court rendered an amended and corrected judgment, *inter alia*, awarding plaintiff specific performance of the contract and directing the parties to close on the property on or before August 1, 1994. The judgment specifically provided "that the property shall be conveyed in substantially the same conditions [sic] as existed on May 2, 1994 and without legal impairments". In July 1994, defendants' attorney advised plaintiff's attorney of the neces-

sity of closing by August 1, 1994. Plaintiff's attorney applied for a stay of the closing pending the determination of an appeal and, after being denied, advised defendants' attorney that a closing could not take place on August 1, 1994 because the property was not vacant as required by the provisions of the contract. Therefore, no closing took place on August 1, 1994. In March 1997, plaintiff applied for an order directing defendants to close on the property pursuant to the terms of the amended and corrected judgment. Supreme Court denied the application and this appeal ensued.

We affirm. The provisions of Supreme Court's amended and corrected judgment directed the parties to close on or before August 1, 1994. Plaintiff's refusal to comply with that directive cannot be excused. We find plaintiff's contention that the tenants' occupancy of the property precluded the parties from closing because the contract provided that the property would be delivered in vacant condition unpersuasive. The judgment provided that the property was to be conveyed in substantially the same condition as existed on May 2, 1994 and the record reflects that it was occupied at that time. In view of this, occupancy of the property was not a legal impediment to closing. Since plaintiff has failed to show that he " 'was ready, willing and able to perform on the original law day' or within a reasonable time thereafter" (*Provost v Off Campus Apts. Co., II*, 211 AD2d 850, 851, quoting *Morey v Sings*, 174 AD2d 870, 873), Supreme Court properly concluded that plaintiff was not entitled to specific performance. Furthermore, although we find the extended litigation involved in this case disturbing, the imposition of financial sanctions is not appropriate under the circumstances presented (*see, Vermont Fed. Bank v Chase*, 226 AD2d 1034, 1036; *Liner Technology v Hayes*, 213 AD2d 881, 882).

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.