■ Elisa Jimenez, Appellant, v Peter Acheson et al., Respondents. [840 NYS2d 648]—

Rose, J. Appeal from an order of the Supreme Court (Nichols, J.), entered July 18, 2006 in Columbia County, which, inter alia, denied plaintiff's motion for summary judgment.

Pursuant to a stipulation incorporated in their judgment of divorce, defendant Peter Acheson (hereinafter defendant) agreed to pay child support to plaintiff in the amount of $300 per week for two years and $400 per week thereafter. Upon plaintiff's request for an advance of $5,000 against that support obligation to pay her real property taxes, the parties amended their stipulation by postponing the date when defendant's support payments would increase to $400 per week. The amendment to the stipulation, in pertinent part, states: "This extension of time before which the payments are increased to $400.00 per week is in consideration of [defendant's] agreement to pay a lump sum payment of $5,000.00 to [plaintiff] in child support in advance, to pay the capital gains tax he is incurring as a result of his liquidation of assets to obtain this money for [plaintiff] (approximately $1,000.00), the legal expense he is paying to produce this agreement and to produce the [A]mended Judgment of Divorce, (approximately $1,000.00) and the agreed upon interest payment on this money as it will be more than two and a half years before he recoups this advance payment ($2,000.00)."

Although plaintiff received the $5,000 advance, she later commenced this action against defendant and defendant Michelle Rosien, the attorney who drafted the amendment, alleging usury and unjust enrichment. After defendants moved for dismissal of the complaint, plaintiff cross-moved for summary judgment on her cause of action for usury. Finding that plaintiff failed to show that the advance was a loan, Supreme Court denied her cross motion and granted defendants summary judgment dismissing her cause of action for usury.* Plaintiff now appeals.

The existence of a loan or a forbearance of money is a fundamental element of usury (see General Obligations Law § 5-501 [1], [2]; Fried v Bolanos, 187 AD2d 108, 110 [1993]; Donatelli v Siskind, 170 AD2d 433, 434 [1991]). "If the transaction is not a loan, 'there can be no usury, however unconscionable the contract may be' " (Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 744 [1992], quoting Orvis v Curtiss, 157 NY 657, 661 [1899]; see London v Toney, 263 NY 439, 445 [1934]). In addition, a defendant is entitled to a presumption that the parties' arrangement was not usurious, and the plaintiff must prove

---

* Supreme Court did not determine the merit of plaintiff's remaining causes of action or defendants' request for sanctions (see CPLR 5512 [a]; Matter of Guernsey v Guernsey, 37 AD3d 989, 991 [2007], lv dismissed 8 NY3d 1002 [2007]).

usury by clear and convincing evidence (*see Giventer v Arnow*, 37 NY2d 305, 309 [1975]; *Fried v Bolanos, supra* at 110-111).

Plaintiff failed to overcome the presumption here because the amendment to the parties' stipulation clearly describes the transaction as an advance payment of child support made in exchange for a reduction in future payments. While the reduction in future payments exceeds the amount of the advance, the amendment shows that the excess is not interest, but compensation for defendant's lost interest income, counsel fees and increased tax obligation. Since the net reduction in child support would not result in an amount of child support that would be inadequate or deviate from the Child Support Standards Act guidelines during the relevant time period, we view the parties' arrangement as a valid renegotiation of child support with a financial benefit for each party, rather than as a loan. We have reviewed plaintiff's remaining contentions and find them to be either unpreserved or unavailing.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.