## CFG Merchant Solutions, LLC v True Pwr LLC

2024 NY Slip Op 33227(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 155064/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. LOUIS L. NOCK**</u>      **PART**      **38M**

*Justice*

-----------------------------------------------------------------------------X

CFG MERCHANT SOLUTIONS, LLC,

                              Plaintiff,

                   - v -

TRUE PWR LLC and JONATHAN BOLLES,

                          Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155064/2023 |
| **MOTION DATE** | 07/24/2023, 08/03/2023 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 11, 12, 13, 14, 15, and 31

were read on this motion to                    <u>            DISMISS              </u>.

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 32

were read on this motion for               <u>     SUMMARY JUDGMENT     </u>.

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff's motion to dismiss defendants' counterclaims (Mot. Seq. No. 001) is dismissed as moot, as defendants withdrew their counterclaims on the oral argument record of January 18, 2024. Plaintiff's motion for summary judgment on the complaint (Mot. Seq. No. 002) is granted for the reasons set forth in the moving and reply papers (NYSCEF Doc. Nos. 17, 22, 25, 29) and the exhibits attached thereto, in which the court concurs, as summarized herein.

In this action for breach of a receivables purchase agreement, plaintiff has established prima facie entitlement to summary judgment on its two causes of action for breach of the purchase agreement between the parties and defendant Bolles' guarantee of said agreement by submission of the contractual documents (NYSCEF Doc. No. 18); the affidavit of James Elder, plaintiff's Manager of Collections, setting forth the details of defendants' default (NYSCEF Doc.

**155064/2023 CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**
**Motion No. 001 002**

Page 1 of 5

[* 1]

No. 17); and the remittance history between the parties (NYSCEF Doc. No. 20) (*Gard Entertainment, Inc. v Country in N.Y., LLC*, 96 AD3d 683, 683 [1st Dept 2012] ["Here, plaintiff established its entitlement to summary judgment as against Block by demonstrating proof of the guarantee he made in connection with a note executed by Country and his failure to make payments called for by its terms"]; *Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010] ["The elements of such a claim include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages"]).

In opposition, defendants fail to raise a material issue of fact requiring trial (*Kershaw v Hospital of Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). Defendants' claim that the documents attached to Elder's affidavit are not properly authenticated is irrelevant, as defendants do not actually contest the facts asserted therein. Elder's affidavit properly lays out the requirements to admit a business record as evidence (CPLR 4518; Elder aff., NYSCEF Doc. No. 17, ¶ 2). Other than the defense of usury, discussed further below, defendants fail to provide any admissible evidence in support of their other affirmative defenses; the affirmation of counsel is not evidence that can be considered on summary judgment (*e.g., Tribbs v 326-338 E 100th LLC*, 215 AD3d 480, 480 [1st Dept 2023]).

Defendants' allegation of usury is also insufficient. Defendants argue that the agreement is in reality a usurious loan, but the terms of the agreement prove otherwise. But the defense of usury "must be established by clear evidence as to all the elements essential thereto" (*Giventer v Arnow*, 37 NY2d 305, 309 [1975]). Usury only applies to a "loan or forbearance of any money, goods or things in action" (General Obligations Law § 5-501; *Donatelli v Siskind*, 170 AD2d 433, 434 [2d Dept 1991]). In other words, "it must appear that the real purpose of the transaction was, on the one side, to lend money at usurious interest reserved in some form by the contract

**155064/2023   CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL
Motion No.  001 002**

**Page 2 of 5**

2 of 5

and, on the other side, to borrow upon the usurious terms dictated by the lender" (*Donatelli*, 170 AD2d at 434). "The court will not assume that the parties entered into an unlawful agreement . . . when the terms of the agreement are in issue, and the evidence is conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate" (*Giventer, supra*).

In the case of the agreement herein, there are three factors to consider in determining whether the transaction should be considered a loan or a sale of receivables: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d 664 [2d Dept 2020]). These factors are not dispositive, since ultimately if the advanced sum is repayable absolutely then the agreement is a loan (*id.*, at 666). In addition, courts may consider factors such as a discretionary reconciliation provision, default provisions entitling the lender to immediate repayment, and collection on the personal guaranty in the event of default or bankruptcy finding in determining whether such agreements "were loans subject to usury laws" (*Davis v Richmond Capital Group, LLC*, 194 AD3d 516, 517 [1st Dept 2021]).

Here, the agreement appears to be what it states on its face – a purchase of future receivables. The agreement lacks a finite term, contains a reconciliation provision, and does not provide that defendant True Pwr LLC's filing for bankruptcy protection is a default under the agreement. Accordingly, defendants cannot show that the Agreement is a criminally usurious loan (*Principis Capital, LLC v I Do, Inc.,* 201 AD3d 752 [2d Dept 2022]).

Finally, defendants' assertion that discovery is necessary to resolve this matter is unsupported by the record. Defendants do not establish that facts "essential to justify opposition

**155064/2023   CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**   **Page 3 of 5**
   **Motion No.  001 002**

3 of 5

[* 3]

may exist but cannot [now] be stated" (CPLR 3212[f]; *Morales v Amar*, 145 AD3d 1000, 1003 [2d Dept 2016] [The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion"]).

Accordingly, it is hereby

ORDERED that plaintiff's motion to dismiss defendants' counterclaims (Mot. Seq. No. 001) is dismissed as moot; and it is further

ORDERED that plaintiff's motion for summary judgment is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $52,375.00, with interest thereon at the statutory rate from May 19, 2023, through entry of judgment as calculated by the Clerk, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff is entitled to its reasonable attorneys' fees pursuant to the contract documents (NYSCEF Doc. No. 18, ¶ 14), and the issue of the amount of such fees is severed and set down for a further hearing before the undersigned; and it is further

ORDERED that the parties shall appear for via Microsoft Teams for said hearing, to be arranged by the court, on October 31, 2024, at 10:00 AM; and it is further

ORDERED that plaintiff shall submit the documentation it intends to proffer in support of its fee application to defendants and the court on or before October 16, 2024.

**155064/2023   CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**
**Motion No.  001 002**

**Page 4 of 5**

4 of 5

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 9/16/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | **X** | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | **X** | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155064/2023   CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**                    **Page 5 of 5**
**Motion No.  001 002**

5 of 5

[* 5]