(98 App. Div. 619)

RAGETTE et al. v. ZIMMER et al.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. SPECIFIC PERFORMANCE—JUDGMENT—DAMAGES.

In an action for the specific performance of a contract for the exchange of property, where the judgment not only directed the specific performance of the contract, but also provided for the equalization of the rents, interest, taxes, etc., on each piece of property, a further judgment for the damages sustained by reason of defendants' failure to perform the agreement was unauthorized.

Appeal from Special Term, New York County.

Action by Elizabeth Ragette and others against Adam Zimmer and others. From a judgment for plaintiffs, defendants appeal. Modified.

The action was brought to procure the specific performance of a contract for the exchange of certain real property owned by plaintiffs and defendants, respectively. The defense was that defendants were induced to enter into the contract of exchange by fraudulent representations as to the rentals of plaintiffs' property. The judgment entered for plaintiffs not only provided for the specific performance of the contract, but also provided that "the plaintiffs account to the defendants for all rents collected by them or their lawful agents since January 4, 1899, the time fixed in said contract for the apportionment of the same, after deducting therefrom the interest on the mortgages thereon, taxes, water rates, insurance, and such other or further proper, legal, or necessary charges or expenses or disbursements made or incurred by them (said plaintiffs) in collecting said rents, and keeping said premises in repair, and protecting and preserving the same, the net amount of which shall be fixed and determined by the referee hereinafter named. And it is further ordered and adjudged that said plaintiffs are entitled to the damages from said defendants sustained by them by reason of the neglect, failure, or refusal on the part of said defendants to perform and carry out the provisions of said agreement on their part to be performed; and it is referred to Edwin A. Watson, Esq., who is hereby appointed as referee to hear the allegations and proofs of the parties as to the amount of such damages, and to ascertain the amount of the same."

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Alfred Steckler, for appellants.
A. C. Hottenroth, for respondents.

PER CURIAM. Upon an examination of the evidence in this case, there does not seem to be any such discrepancy in the rentals, as represented and as they actually were, as would justify a finding of fraud. Indeed, when the defendants first desired to retire from the bargain,

they did not assign any such reason, although they subsequently did. There was no foundation for the provisions in respect to damages sustained by the refusal of the defendants to carry out their contract. The court by its judgment has required the specific performance of the contract, and has provided for the equalization of the rents, interest, taxes, etc., on each piece of property, and when that is done there is no further ground for recovery in the shape of damages.

The judgment should be modified by striking out the clause providing for a reference to assess damages, and also the provision as to the payment of damages, and, as modified, affirmed, without costs of this appeal.