■ CANDID PRODUCTIONS, INC., et al., Respondents, v SFM MEDIA SERVICE CORPORATION, Appellant. Order, Supreme Court, New York County, entered on December 24, 1975, referring the issue of duress in the inducement of a contract to a Special Referee to hear and report, unanimously reversed, on the law, and the petition dismissed. Appellant shall recover of respondents $40 costs and disbursements of this appeal. After extensive negotiations and with the aid of their respective counsel, the parties entered into a written contract "as of January 1, 1973" which provides for appellant to receive a percentage of the gross revenues received by respondents from certain televised programs described in said contract. Appellant was also

---

* The order was signed, pursuant to CPLR 9002, by Justice Fine after the death of Justice Quinn.

entitled to receive billing credits. Both parties performed under the contract for approximately two years. Thereafter a dispute arose when respondents refused to account to appellant for what it claims is its contractual share of the proceeds of certain televised or broadcast programs. Damages are also claimed for failure to receive billing credits. Appellant served a demand for arbitration pursuant to the agreement. Respondents petitioned Special Term to vacate the demand and stay arbitration, alleging that the entire agreement had been induced by economic duress. Special Term referred the issue of duress in the inducement of the contract to a Special Referee to hear and report and withheld disposition of the motion pending the Referee's report. Preliminarily, respondents contend that reference orders are not appealable as of right. We have held that they are. (See *Matter of Manufacturers Hanover Trust Co. v Postel,* 38 AD2d 808.) Furthermore, we have held that this appeal is as of right *(Candid Prods. v SFM Media Serv. Corp.,* NYLJ, Jan. 22, 1976, p 6, col 4), a determination which should be applied as law of the case (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.09). The arbitration clause reads: "In the event of a controversy between the parties hereto, the parties agree (i) to submit the controversy to arbitration by the American Arbitration Association in New York City under the rules then obtaining of the said Association." There is, admittedly, a controversy between the parties. Such a broad arbitration provision reflects a general desire by the parties to have all issues decided speedily and finally by the arbitrators and the courts should give it the full effect of its wording. We perceive the present law to be that under such a broad arbitration provision the claim of fraud in the inducement should be determined by the arbitrators. (See *Matter of Weinrott [Carp],* 32 NY2d 190, 199.) The Federal law is to the same effect. (See *Prima Paint v Flood & Conklin,* 388 US 395, 404.) And we perceive little, if any, difference between fraud and duress. "Duress is actual or threatened violence or restraint contrary to law. It has been said that duress is a species of fraud in which compulsion in some form takes the place of deception in accomplishing an injury. Differently expressed, the injury is accomplished in fraud without the knowledge of the victim, while in duress he is fully conscious of the illegal element." (17 NY Jur, Duress and Undue Influence, § 1.) And New York Contracts Law (vol 7, § 1901) states: "Fraud, undue influence, and duress would seem all to be of the same species." (See, also, Restatement, Contracts, § 499.) We conclude that the dispute touches the construction, meaning and effect of the agreement, that there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the contract and that the parties agreed to submit the dispute to arbitration and hence we reverse and dismiss the petition for a stay of arbitration. (See *Matter of Nationwide General Insurance Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91.) Concur—Murphy, J. P., Birns, Silverman, Lane and Nunez, JJ.