■  DUANE SALES, INC., Respondent, v PHILIP CARMEL et al., Appellants. —Appeal (1) from an order of the Supreme Court at Special Term, entered October 27, 1976, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon. This action to compel specific performance of an option agreement for the purchase and sale of real property was before this court on a prior occasion. In reversing Special Term we concluded that, as a matter of law, plaintiff's complaint stated a cause of action for specific performance of the option agreement; that upon the record then before the court the matter should be considered by Special Term for summary judgment pursuant to CPLR 3211 (subd [c]), and we remitted the matter to Special Term for further proceedings (53 AD2d 988). On this appeal defendants seek to raise again the same issues that were decided by this court on the previous appeal. The doctrine of the "law of the case" is therefore applicable (Martin v City of Cohoes, 37 NY2d 162, 165; Candid Prods. v SFM Media Serv. Corp., 51 AD2d 943), and the order of Special Term should be affirmed on the basis of our prior determination as to those issues (Matter of Marocco v State of New York, 56 AD2d 949). The defendants make the additional argument on this appeal that, should the plaintiff be entitled to specific performance of the option agreement, then an accounting should be directed of the respective losses and gains during the period of litigation. Special Term did not pass upon this contention. It is clear that in decreeing specific performance equity requires not only that the contract provisions to be enforced be just and equitable, but that the consequences of specific performance likewise be just and equitable. The relief should not be granted if, under the circumstances of the case, the result of the specific enforcement of the contract would be harsh or oppressive, or result in an unconscionable advantage to the plaintiff (55 NY Jur, Specific Performance, § 34, and cases cited therein). We conclude, therefore, that an accounting should be had which should take into consideration, among other things, the following: the rents received by defendants during the period from the date of the conveyance of the title to the premises; any profits resulting to the defendants in their operation of the property; any losses sustained by the plaintiff because of the delay in conveyance of title; necessary expenses incurred by the defendants in the operation of the

property, such as payments of principal and interest on the mortgage, property taxes, insurance, and minor repairs; the benefits to the plaintiff in retaining the use of the purchase money during the pendency of the litigation. As to the defendants' claim that major improvements to the property in question made during the time of their ownership should also be included in the accounting, the record is vague and unclear as to the nature of, or necessity for, such improvements. Consequently, it should be left for the determination of Special Term whether or not defendants are entitled to be compensated for such major improvements. Judgment modified, on the law and the facts, so as to direct that an accounting should be made, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.