■ 4200 AVENUE K REALTY CORP., Appellant-Respondent, v 4200 REALTY Co. et al., Respondents-Appellants.—In an action for specific performance of a contract for the sale of realty and for an accounting, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated February 8, 1985, as dismissed

the claims for specific performance and for an accounting, and the defendants cross-appeal from so much of the same judgment as awarded the plaintiff the sum of $50,000, representing the amount of its down payment, and as stayed cancellation of a notice of pendency.

Judgment reversed, on the law and the facts, with costs, the plaintiff is awarded judgment on its cause of action for specific performance, the cause of action for an accounting is severed, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment and further proceedings on the plaintiff's cause of action for an accounting.

Where a contract for the conveyance of real property does not contain a specific declaration that time is of the essence, the law permits the parties a reasonable time in which to tender performance, regardless of whether the contract designates a specific date on which such performance is to be tendered (see, Grace v Nappa, 46 NY2d 560, 565; Mader v Mader, 101 AD2d 881, 882). When this matter was before us on a prior appeal, we held that neither the original contract nor the contract as modified contained the requisite declaration making time of the essence, nor had the defendants served upon the plaintiff a clear, unequivocal notice to that effect (see, 4200 Ave. K Realty Corp. v 4200 Realty Co., 89 AD2d 978). Moreover, paragraph 60 of the contract effectively permitted the purchaser to adjourn the closing date for as much as 10 days with impunity. Thus, the plaintiff purchaser's assertion that it was prepared to close as of January 7, 1980, which was within 10 days of the law day fixed in the contract, as amended, was timely, and we cannot agree with the trial court's conclusion that the brief delay was attributable to bad faith on the part of the plaintiff purchaser. It appears, rather, that the adjournment was occasioned by the need to secure the consent of the mortgagee bank to the transfer, and there is simply no evidence of criminal, immoral or unconscionable conduct which would warrant the denial of the equitable remedy of specific performance (see, National Distillers & Chem. Corp. v Seyopp Corp., 17 NY2d 12, 15; Seagirt Realty Corp. v Chazanof, 13 NY2d 282). In addition, the defendant sellers failed to demonstrate any substantial prejudice or injury resulting from the delay so as to warrant the denial of specific performance (see, Black v National Org., 104 AD2d 1016).

Accordingly, the plaintiff established its entitlement to specific performance, and the matter must be remitted for entry

of an appropriate judgment and for further proceedings on the plaintiff's cause of action for an accounting. A court granting the equitable remedy of specific performance will, so far as possible, place the parties in the same situation as they would have been had the contract been performed according to its terms *(Worrall v Munn,* 38 NY 137, 142; *see also, Bostwick v Beach,* 103 NY 414, 423; *Matter of 50-05 43rd Ave. [Canfield Props. Corp.—Harris],* 271 App Div 44, *lv dismissed* 296 NY 824; *Bregman v Meehan,* 125 Misc 2d 332, 337-338; *Special or Consequential Damages Recoverable, on Account of Delay in Delivering Possession, by Purchaser of Real Property Awarded Specific Performance,* Ann., 11 ALR4th 891; *Specific performance: compensation or damages awarded purchaser for delay in conveyance of land,* Ann., 7 ALR2d 1204). Generally, the seller, as trustee of the real property for the benefit of the purchaser, as trustee of the real property for the benefit of the purchaser, is liable to account for the rents and profits derived therefrom, and the purchaser, as trustee of the purchaser money for the benefit of the seller, is liable to account for the interest accruing thereon *(see, Worrall v Munn, supra).* Therefore, appropriate adjustments may be made to both the purchaser and seller upon the granting of specific performance *(see, Margo Props. v Nelson,* 99 AD2d 1029; *Cross Props. v Brook Realty Co.,* 76 AD2d 445; *Cross Props. v Brook Realty Co.,* 113 AD2d 863; *Ragette v Zimmer,* 98 App Div 619). In this case, the accounting should take into consideration, *inter alia,* the rents and profits received by the defendant sellers during the period from the date on which the closing should have occurred through the date title is actually conveyed, losses sustained by the plaintiff purchaser by reason of the delay, necessary expenditures by the sellers for the maintenance and operation of the premises, e.g., mortgage payments, property taxes, insurance and repairs, and the benefit to the plaintiff purchaser by reason of its retention and use of the purchase money, less the down payment, during the period of delay *(see, Duane Sales v Carmel,* 57 AD2d 1003, *revd on other grounds* 49 NY2d 862). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.