■ In the Matter of the Arbitration between POLAR ENTERTAINMENT CORPORATION, Formerly Known as POLAR FILM CORPORATION, et al., Respondents, and DIRECTORS GUILD OF AMERICA, INC., et al., Appellants, et al., Respondents.—Judgment, Supreme Court, New York County (Herman Cahn, J.), entered January 14, 1992, staying arbitration demanded by respondents for unpaid wages and fringe benefit contributions, unanimously affirmed, with costs.

Notwithstanding the strong policy favoring arbitration of labor disputes, arbitration must be stayed where a prior agreement providing for arbitration has expired and the superseding agreement does not contain a clear agreement to arbitrate *(Litton Fin. Print. Div. v National Labor Relations Bd.,* 501 US —, 111 S Ct 2215). Here, the services contract between petitioner producer and respondent director did not contain an arbitration clause but instead referred to the "now-current" Directors Guild Agreement, i.e., the 1984 Basic Agreement that expired before respondent had performed any services. Although the superseding 1987 Basic Agreement, like the one it replaced, contained an arbitration clause, petitioner producer is not a signatory thereto, and, for the reasons stated by the IAS Court, it would require too much "implication or subtlety" to find an agreement to arbitrate in the 1989 amendments to the services contract *(Matter of Waldron [Goddess],* 61 NY2d 181, 184).

The determination of whether there is a clear, unequivocal and extant agreement to arbitrate the disputed claims at the time they arose is a question for the court and not the arbitrator *(see, Sisters of St. John the Baptist v Geraghty Constructor,* 67 NY2d 997, 998). Concur—Murphy, P. J., Milonas, Ellerin, Ross, and Kassal, JJ.