■ In the Matter of DANIEL J. D'ADDARIO et al., Appellants, v ARNOLD WEINSTEIN, Respondent. [620 NYS2d 499] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated May 26, 1993, as, upon reargument, reinstated the demand for arbitration and directed the parties to proceed to arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner Daniel J. D'Addario and Arnold Weinstein were equal shareholders in a closed corporation known as General Mechatronics Corp. In March 1990 Weinstein fell ill and was unable to perform his duties with the corporation. In

April 1991 D'Addario notified Weinstein that pursuant to section 3 of the parties' Stockholders Agreement (hereinafter the agreement) he intended to purchase all of Weinstein's shares in the corporation. D'Addario demanded that Weinstein sell his shares at a price which D'Addario alleged had been determined by the method set forth in the agreement. Weinstein disputed the valuation that D'Addario ascribed to the shares and initially refused to relinquish the stock. Although the parties did not resolve their dispute as to valuation, after correspondence and agreement between counsel, Weinstein ultimately tendered his shares of stock and accepted D'Addario's payment, while reserving his rights "with respect to the amounts owed to him under the Stockholders Agreement". Approximately one year later, Weinstein served D'Addario with a demand for arbitration in which he challenged D'Addario's valuation of the company's stock. At first the Supreme Court stayed the demand for arbitration, but, upon reargument, the court reinstated the demand holding that the "claims made by Weinstein * * * arise out of the agreement and the language [of the agreement] is sufficiently broad so as to encompass this grievance". We agree.

We note that Weinstein's challenge to the stock valuation arose when the parties' agreement was in full force and effect *(see, Matter of Polar Entertainment Corp. [Directors Guild]*, 189 AD2d 711). In addition, contrary to D'Addario's contention, the agreement did not readily provide a method for the valuation of Weinstein's shares. Instead, under the circumstances of this case, the language of the agreement dictated that valuation was to be resolved pursuant to the agreement's arbitration clause. Accordingly, the value of Weinstein's shares should be determined through arbitration *(see, Fabrege Intl. v Di Pino*, 109 AD2d 235).

Nor is D'Addario correct that Weinstein's act of relinquishing his shares terminated the agreement and vitiated his right to seek arbitration regarding the valuation of his shares. As a result of Weinstein's continuing disability, the agreement mandated that he surrender his shares to D'Addario regardless of whether the issue of valuation had been resolved. Moreover, the record indicates that Weinstein's relinquishment of his shares was conditioned upon his reservation of rights concerning the amount to be paid for them *(see, Fabrege Intl. v Di Pino*, 109 AD2d, *supra*, at 239; *cf., DeSapio v Kohlmeyer*, 35 NY2d 402). In any event, "[t]he duty to arbitrate a dispute arising during the term of the agreement survives the expiration thereof" *(Matter of International Assn.*

*of Machinists [Buffalo Eclipse Corp.],* 12 AD2d 875, *affd* 9 NY2d 946). Therefore, the Supreme Court properly reinstated Weinstein's demand for arbitration. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.