In the Matter of the Arbitration between MONTGOMERY-OTSEGO-SCHOHARIE SOLID WASTE MANAGEMENT AUTHORITY, Respondent, and BONDED INSULATION COMPANY, INC., Appellant. [627 NYS2d 124] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Best, J.), entered March 28, 1994 in Montgomery County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

This appeal has its origin in a five-year contract entered into between Montgomery County (which later assigned its rights thereunder to petitioner) and respondent in which the former agreed to provide, and the latter to purchase, recyclable newsprint. Respondent was also given an option to renew the contract, which was to expire on May 5, 1993, for additional five-year periods subject to the parties' agreement, "based on good faith negotiations" as to the rates and fees to be paid after that date. Negotiations for renewal began in April 1992, but no agreement was reached and the contract expired at the end of the original term.

Thereafter, respondent served a demand for arbitration charging petitioner with bad faith in the renewal negotiations and petitioner applied for an order staying arbitration. Petitioner maintained that the contract was unenforceable, that respondent, not having complied with its terms, was not entitled to seek arbitration, and that because the agreement

had terminated the demand for arbitration was ineffective; respondent cross-moved to dismiss the petition and to compel arbitration. Supreme Court granted petitioner's application and denied respondent's cross application, and this appeal followed.

We reverse. The issue with respect to which arbitration is sought—whether petitioner complied with the contractual provision requiring good-faith negotiation of renewal terms—clearly falls within the scope of the contract's provision mandating arbitration of "any question or dispute arising between said parties as to the interpretation of any term or condition herein contained or with respect to any matter of compliance or non-compliance with the terms hereof". And, inasmuch as the acts and occurrences upon which the dispute is centered are the negotiations and communications that took place before the contract expired, the fact that the demand was not served until after that date does not inhibit resolution of the parties' conflict by arbitration *(see, Matter of D'Addario v Weinstein,* 211 AD2d 633, 634; *Matter of Allen v Grand Is. Cent. School Dist.,* 56 AD2d 131, 132-133).

Petitioner's remaining arguments—apart from a meritless challenge to the timeliness of the arbitration demand and a specious contention that as a prerequisite to commencing arbitration, petitioner was obliged to first file a notice of claim pursuant to Public Authorities Law § 2041-n—all involve matters which must be decided by the arbitrator. The issue of respondent's failure to make contractual payments when due, though couched in terms of satisfaction of a condition precedent to arbitration, is in actuality nothing more than an allegation of noncompliance with the substantive terms of the contract, a matter plainly encompassed by the arbitration clause *(see, De Lillo Constr. Co. v Lizza & Sons,* 7 NY2d 102, 104-105; *cf., Matter of Terminal Auxiliar Maritima [Winkler Credit Corp.],* 6 NY2d 294, 299). There is no hint in the contract that the parties intended to make a breach of this type a bar to arbitration *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7-8; *compare, Matter of Board of Educ. [Merritt Meridian Constr. Corp.],* 210 AD2d 854, 855).

As for petitioner's claim that the substantive provisions of the contract may be unenforceable for want of mutuality of obligation, this raises a question of contract interpretation which, since it does not bear directly on the validity of the arbitration clause, must also be left to the arbitrator *(see, Matter of Weinrott [Carp],* 32 NY2d 190, 198; *cf., Matter of*

*Exercycle Corp. [Maratta],* 9 NY2d 329, 334; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7503:2, at 359).

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, petition dismissed and respondent's cross application to compel arbitration granted.