■ In the Matter of PRIMEX INTERNATIONAL CORP., Formerly Known as PRIMEX INTERNATIONAL TRADING CORPORATION, Appellant, v WAL-MART STORES, INC., Respondent. [642 NYS2d 643] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 11, 1996, which denied petitioner's application brought pursuant to CPLR article 75 to compel arbitration of a commercial dispute with defendant, dismissed the petition, stayed the arbitration and permitted the plenary action commenced by respondent herein against petitioner herein in Arkansas State court to proceed, unanimously affirmed, without costs.

The threshold question of arbitrability is one for the courts (*Sisters of St. John the Baptist v Geraghty Constructor*, 67 NY2d 997, 998; *see also, Litton Fin. Print. Div. v National Labor Re-*

*lations Bd.*, 501 US 190, 208-209). Here, the IAS Court correctly determined that the relevant dispute between these commercially sophisticated parties was not subject to arbitration. While the parties' 1990 and 1993 agreements each contained an arbitration clause (*see, Matter of Polar Entertainment Corp. [Directors Guild]*, 189 AD2d 711), their 1995 agreement did not and further explicitly provided that all prior agreements were merged into the new agreement and that the new agreement "represents the entire understanding between the parties." (*See, Health-Chem Corp. v Baker*, 915 F2d 805, 811; *see also, Matter of Minkin [Halperin]*, 279 App Div 226, *affd* 304 NY 617.) It was not imperative that the latest agreement expressly revoke the prior agreements' arbitration provisions to effectively cancel those provisions (*see, Lakehead Pipe Line Co. v Investment Advisors*, 900 F Supp 234 [D Minn 1995]). Concur—Wallach, J. P., Ross, Williams and Mazzarelli, JJ.