■ ZURICH INSURANCE COMPANY, Respondent, v R. ELECTRIC, INC., Appellant, et al., Respondent. [773 NYS2d 560]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered on or about July 3, 2003, which granted petitioner's

application to compel respondent to proceed to arbitration in New York, unanimously affirmed, without costs.

We reject respondent's claim that the IAS court was required to conduct a trial on the validity of the second agreement between the parties before it could order arbitration under the first agreement. Since each of these agreements contains an arbitration clause, respondent must arbitrate, regardless of which of the two controls. Nor does it avail respondent to argue that the agreements violate Hawaii law, are the products of disparate bargaining power, and are unenforceable for various other reasons, since respondent raises no arguments specific to the arbitration clause itself. Under both New York and Hawaii law, courts look only to whether the arbitration clause itself was induced by fraud or duress; the question of whether the overall agreement is invalid is for the arbitrators (*see Candid Prods. v SFM Media Serv. Corp.*, 51 AD2d 943, 944 [1976], citing *Matter of Weinrott [Carp]*, 32 NY2d 190, 198-199 [1973]; *Lee v Heftel*, 81 Haw 1, 4, 911 P2d 721, 724 [1996]). Because the arbitration clause, which selects New York as the place of arbitration, is valid, New York has personal jurisdiction over respondent, and is a convenient forum as a matter of law (*see National Union Fire Ins. Co. v Williams*, 223 AD2d 395, 398 [1996]). No showing is made that enforcement of the parties' choice of New York would make the arbitration " 'so gravely difficult and inconvenient that [respondent] would, for all practical purposes, be deprived of [its] day in court' " (*Matter of Fidelity & Deposit Co. v Altman*, 209 AD2d 195 [1994]). Respondent's arguments concerning petitioner's allegedly defective service of its demand for arbitration should be addressed to the arbitrators (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8-9 [1980]; *Hokama v University of Hawaii*, 92 Haw 268, 275, 990 P2d 1150, 1157 [1999]). We decline to consider respondent's argument, raised for the first time in its reply brief, that petitioner's claim is time-barred. We have considered respondent's remaining arguments and find them unavailing. Concur— Nardelli, J.P., Tom, Andrias, Saxe and Marlow, JJ.