■ JOSEPH COOPER, Respondent, v FREDERIC N. BRUCKNER, Appellant. [801 NYS2d 19]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 12, 2004, which granted the petition to stay arbitration, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

This dispute arises out of certain agreements relating to a New York limited liability partnership in which respondent Bruckner was a non-equity partner and petitioner Cooper was a managing partner. One of those agreements, the so-called Confirming Agreement, provides for arbitration of "[a]ny dispute arising in connection with [an internal] accounting" pursuant to the contemporaneously executed Contribution Agreement. Bruckner prepared an accounting and, when a dispute arose among the partners, served a demand for arbitration, the accounting and a prehearing brief that specifically referred to the agreements and detailed his points of contention about the accounting. Bruckner reached an agreement with all partners except Cooper who commenced the instant proceeding to stay arbitration permanently. Supreme Court granted the petition on the grounds that the demand for arbitration contained certain fatal omissions, that Cooper had been improperly served with the demand for arbitration, and that "there are questions which have not been answered [namely,] [w]hat is an internal accounting, who will perform the accounting and what are the obligations of the parties to the agreement." We reverse.

New York public policy favors enforcement of contracts for arbitration (*see Matter of Smith Barney Shearson v Sacharow*,

91 NY2d 39, 49 [1997]). Thus, on a motion to compel or stay arbitration, the court's role is that of gatekeeper, limited to deciding only three threshold questions: whether the parties made a valid agreement; if so, whether the parties complied with the agreement; and whether the claim sought to be arbitrated is barred by the statute of limitations (*see* CPLR 7503; *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201-202 [1995], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith*, 516 US 811 [1995]; *Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39, 43 [2003]). Although not specifically mentioned by the statute, whether public policy precludes arbitration is yet another threshold question for the court (*see Merrill Lynch, supra*).

Supreme Court did not address these threshold questions, but improperly stayed arbitration based on perceived procedural irregularities. First, there is an unequivocal agreement to arbitrate the disputes involving the internal accounting, clear on the face of the Confirming Agreement, which specifically refers to the more detailed arbitration clause in the Contribution Agreement. As long as the agreement to arbitrate is clear and unequivocal, the question of whether the agreement as a whole is unenforceable due to vagueness, as Cooper contends, is for the arbitrators to resolve (*see Matter of Jeffries v Ross*, 238 AD2d 288 [1997]; *cf. Matter of O'Neill v Krebs Communications Corp.*, 16 AD3d 144 [2005]). Second, there is no doubt that the agreement to arbitrate embraces the dispute. In this regard, the prehearing brief Bruckner served with his demand to arbitrate, detailing the agreements upon which his substantive and arbitration claims were based, is more than sufficient to enable the court to rule on the dispute's arbitrability. Finally, the contentions Cooper raises concerning Bruckner's performance of the agreement do not implicate any procedural requirements or conditions precedent to arbitration (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7-8 [1980]; *Matter of Montgomery-Otsego-Schoharie Solid Waste Mgt. Auth. [Bonded Insulation Co.]*, 215 AD2d 995 [1995]), and we reject Supreme Court's finding that there "are questions which have not been answered." All remaining questions, after the threshold ones reserved for the court, including whether Cooper was properly served, are for the arbitrators (*see Merrill Lynch*, 1 AD3d at 43; *Zurich Ins. Co. v R. Elec.*, 5 AD3d 338, 339 [2004], citing *Rockland*, 51 NY2d at 8-9). To the extent Bruckner's demand failed to comply with CPLR 7503 (c) by not specifying the agreement pursuant to which arbitration is sought and warning that unless Cooper applied within 20 days to stay arbitration he would be precluded from claiming in court that a

valid agreement was not made or that conditions precedent to the agreement were not satisfied, such omissions do not render the demand invalid. They merely rendered the demand ineffective to preclude Cooper from raising threshold issues after the 20-day limit (see Matter of Blamowski [Munson Transp.], 91 NY2d 190, 195 [1997]; Alexander, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C7503:6). Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.