■ ALLSTATE NEW JERSEY INSURANCE COMPANY, Appellant, v JOHN TSE et al., Respondents. [956 NYS2d 889]—

Order, Supreme Court, New York County (George J. Silver, J.), entered July 10, 2012, which denied the petition to stay arbitration of an underinsured motorist claim in the underlying personal injury action and dismissed the proceeding, unanimously reversed, on the law, without costs, and the petition granted.

Respondents' October 23, 2007 letter, which explicitly advised Allstate of a "potential claim under the Uninsured/Underinsured provision of the above-policy," and January 31, 2011 letter, which stated "[w]e will now be moving forward on our client's underinsured motorist claim," fail to include the requisite notice provision contained in CPLR 7503 (c) to constitute a sufficient notice to arbitrate (*see Matter of Blamowski [Munson Transp.]*, 91 NY2d 190, 195 [1997]; *Cooper v Bruckner*, 21 AD3d 758, 759-760 [1st Dept 2005]). Accordingly, the 20-day limitation period terminating petitioner's right to contest the obligation to arbitrate did not start to run until a proper demand for arbitration, containing the requisite language, was served by mail on February 7, 2012. Petitioner's motion to stay the arbitration, served on February 24, 2012, was therefore timely. Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ.