Matter of Poma v Arici (2018 NY Slip Op 04835)





Matter of Poma v Arici


2018 NY Slip Op 04835


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


7007N 650823/17

[*1] In re Andrew Poma, Petitioner-Respondent,
v Adem Arici, Respondent-Appellant.


Law Office of Michael H. Joseph, P.L.L.C., White Plains (Michael H. Joseph of counsel), for appellant.
Woods Lonergan PLLC, New York (Annie E. Causey of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about August 18, 2017, which denied respondent's cross motion to confirm the arbitration award and granted the petition to vacate the award, unanimously affirmed, without costs.
Respondent's notice of arbitration did not contain the requisite language of CPLR 7503(c) and, therefore, petitioner was not precluded from raising threshold arbitration issues before the court (Matter of Blamowski [Munson Transp.], 91 NY2d 190, 195 [1997]; Cooper v Bruckner, 21 AD3d 758, 759-760 [1st Dept 2005]). Threshold issues include whether the parties complied with the agreement (see Matter of CPS 1 Realty LP v R.P. Brennan Gen. Contrs. & Bldrs., Inc., 66 AD3d 418, 418 [1st Dept 2009], lv denied 13 NY3d 713 [2009]). "Arbitration agreements are contracts and their meaning is to be determined from the language employed by the parties under accepted rules of contract law" (Matter of Cowen & Co. v Anderson, 76 NY2d 318, 321 [1990]). By its plain language, the subject arbitration clause states that "[a]ny dispute arising under the terms of this agreement shall be resolved by the parties voluntarily submitting to binding arbitration," thus, where petitioner did not agree to arbitrate, the petition to vacate the award was correctly granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK