Matter of Dentons US LLP v Zhang (2022 NY Slip Op 07498)

Matter of Dentons US LLP v Zhang

2022 NY Slip Op 07498

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 653795/21 Appeal No. 17003-17003A Case No. 2021-03143 

[*1]In the Matter of Dentons US LLP, Petitioner-Respondent,
v
Jinshu "John" Zhang, Respondent-Appellant.

Wollmuth Maher & Deutsch LLP, New York (Lyndon M. Tretter counsel), for appellant.
Gibson, Dunn & Crutcher LLP, New York (Akiva Shapiro of counsel), for respondent.

Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about August 20, 2021, which, in this special proceeding pursuant to CPLR article 75, granted petitioner's motion to compel respondent to arbitrate in New York the parties' underlying disputes and the arbitrability of the disputes, granted the petition to confirm three arbitral awards rendered by an emergency arbitrator under the authority of the International Institute for Conflict Prevention & Resolution (CPR), and denied respondent's cross motion to stay or dismiss this proceeding, unanimously affirmed, with costs, without prejudice to respondent raising before the arbitration panel the issue of whether he is an "employee" under California Labor Code section 925.
Contrary to respondent's contention, the law firm partnership agreement between the parties contains a clear and unmistakable delegation clause that delegated questions of arbitrability to the arbitrator (see Zhang v Superior Ct. of Los Angeles County, 2022 WL 16832570, *6, 2022 Cal App LEXIS 926, *15-16 [Cal Ct App 2022]). The agreement's arbitration provision, which stipulated Chicago or New York as the place for arbitration, applies to "all disputes of any kind," and incorporates the rules of the CPR, including the rules that give CPR arbitrators the power to rule on their own jurisdiction to decide what, if any, issues are not to be decided by the arbitrator (see Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 496 [1st Dept 2009], affd 14 NY3d 850 [2010], cert denied 562 US 962 [2010]). The Delaware law pursuant to which the partnership agreement was constructed does not support a contrary finding.
Given that full delegation, Supreme Court, which has personal jurisdiction over respondent in this proceeding based on his agreement to arbitrate in New York (see Zurich Ins. Co. v R. Elec., 5 AD3d 338 [1st Dept 2004]), was not, prior to addressing the petition and motions, required to first determine whether respondent, a former law firm equity partner, was an "employee" protected by section 925 of the California Labor Code such that he may seek to void the arbitration provision insofar as it required him to arbitrate the underlying disputes outside of California. That is an issue delegated for a decision by the arbitrator (see e.g., Ratajesak v New Prime, Inc., 2019 WL 1771659, *5-6, 2019 US Dist LEXIS 70506, *13-15 [CD Cal, Mar. 20, 2019, No. SA CV 18-9396-DOC (AGRx)]). To the extent that issue, which was raised and decided in expedited fashion, has not been squarely decided by the emergency arbitrator, or otherwise been addressed by a CPR arbitrator or tribunal, Supreme Court's grant of the motion to compel arbitration is without prejudice to respondent's ability to raise the issue before the arbitration panel or tribunal. We further find that respondent raises no basis for
overturning the challenged emergency interim arbitral awards or reversing the court's grant of the petition [*2]to confirm those awards.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022