Mejia v Linares (2023 NY Slip Op 04822)

Mejia v Linares

2023 NY Slip Op 04822

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 806442/21 Appeal No. 653 Case No. 2022-03158 

[*1]Gustavo Mejia, Plaintiff-Respondent,
v
Radames Linares et al., Defendants, Uber Technologies, Inc., et al., Defendants-Appellants.

Perkins Coie LLP, New York (Jacob Taber of counsel), and Perkins Coie LLP, Phoenix, AZ (Michael R. Huston of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Shulman & Hill, PLLC, New York (Ari R. Lieberman of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben B. Barbato, J.), entered June 27, 2022, which granted plaintiff's motion to stay arbitration and denied the cross-motion of defendants Uber Technologies, Inc., and Uber USA, LLC (collectively, Uber) to compel arbitration and stay the proceedings before Supreme Court, unanimously reversed, on the law, with costs, plaintiff's motion denied, Uber's cross-motion granted, and the matter remanded to Supreme Court for proceedings consistent with this opinion.
Uber was not precluded from relying on the 2016 arbitration agreement in its cross-motion to compel arbitration. Although Uber referred only to the 2021 arbitration agreement in its notice of intention to arbitrate, the failure of an arbitration demand to specify the agreement under which arbitration is sought does not render the demand invalid (Cooper v Bruckner, 21 AD3d 758, 759-760 [1st Dept 2005]; see CPLR 7503[c]).
Furthermore, contrary to plaintiff's position otherwise, this Court's decision in Castro v Jem Leasing, LLC (214 AD3d 475 [1st Dept 2023]) does not reject Uber's 2016 terms of use as unenforceable. Castro merely found that in that action, Uber failed to sustain its burden of showing that the parties had an explicit and unequivocal agreement in the app to arbitrate because it failed to submit evidence establishing that its rider app included a valid agreement to arbitrate, or that the plaintiff had seen the arbitration agreement when she registered for Uber service in the app (id. at 475-476). Here, by contrast, Uber explained the app's registration process and submitted a screenshot of the 2016 app's in-application popup screen, which stated, "By clicking 'Create Account,' you agree to Uber's Terms and Conditions." The phrase "Terms and Conditions" was in blue, indicating a hyperlink. The terms and conditions then in effect included an arbitration agreement, and the heading "DISPUTE RESOLUTION" was both capitalized and bolded. This evidence was sufficient to establish that the 2016 terms of use included an enforceable arbitration agreement to which plaintiff assented (see Meyer v Uber Tech., Inc., 868 F3d 66, 76 [2d Cir 2017]).
Plaintiff acknowledges that Uber's 2021 terms of use created an explicit and unequivocal agreement to arbitrate (Brooks v Lang Yang, 216 AD3d 505,506 [1st Dept 2023]), contending instead that the 2021 terms are unconscionable. However, according to the delegation provision in the 2021 terms, plaintiff's arguments raising unconscionability must be decided by the arbitrator. None of the arguments in plaintiff's motion to stay arbitration specifically addressed the delegation provision (see Wu v Uber Tech., Inc., — AD3d &mdash, Appeal No. 486 [1st Dept 2023]; see also Rent-A-Center, W., Inc. v Jackson, 561 US 63, 72 [2010]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: [*2]September 28, 2023