Kelly v City of New York (2023 NY Slip Op 06088)

Kelly v City of New York

2023 NY Slip Op 06088

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 451021/20 Appeal No. 1088 Case No. 2023-01237 

[*1]Angela Kelly, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Lord Law Group, PLLC, New York (Masai I. Lord of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about July 13, 2022, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint in part and denied plaintiff's cross-motion for a default judgment, unanimously modified, on the law, to vacate the determination on the motion to dismiss and to remand it to the motion court for further consideration in accordance with our decision, and otherwise affirmed, without costs.
A default judgment is not warranted as against defendants (CPLR 3012 [d]; see generally Emigrant Bank v Rosabianca, 156 AD3d 468, 472-473 [1st Dept 2017]). Defendants demonstrated a reasonable excuse for the delay in answering or filing a pre-answer motion to dismiss — i.e., complications relating to the Covid-19 pandemic. In addition, plaintiff does not dispute that defendants have a meritorious defense (see Emigrant Bank, 156 AD3d at 473; Marine v Montefiore Health Sys., Inc., 129 AD3d 428, 429 [1st Dept 2015]). For the same reasons, defendants' motion to dismiss was properly considered even though it was untimely (see e.g. Felix v Thomas R. Stachecki Gen. Contr., LLC, 107 AD3d 664, 666 [2d Dept 2013]; Arrington v Bronx Jean Co., Inc., 76 AD3d 461, 462 [1st Dept 2010]).
The decretal paragraph of the motion court decision does not specify which portions of the defendants' motion to dismiss the court intended to deny. Moreover, it does not specify what action the court intended to take as to the enumerated paragraphs. Assuming from the context that the court intended to strike the enumerated paragraphs, we vacate that holding as the defendants did not move to strike. Moreover, the CPLR does not authorize a court to strike factual allegations except when they are scandalous or prejudicial (CPLR 3024([b]), which was not alleged here. We remand for further consideration of the motion to dismiss, based on all of the factual allegations in the complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023