Kanner v Westchester Med. Group, P.L.L.C. (2024 NY Slip Op 06009)

Kanner v Westchester Med. Group, P.L.L.C.

2024 NY Slip Op 06009

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 814373/22 Appeal No. 3151 Case No. 2023-04649 

[*1]Barry Kanner, M.D., Plaintiff-Appellant,
v
Westchester Medical Group, P.L.L.C. Doing Business as Westmed Medical Group, etc., Defendant-Respondent, John Doe, 1-300 et al., Defendants.

Salmon, Gruber, Blaymore & Strenger, PC, Roslyn Heights, (Sanford Strenger of counsel), for appellant.
Jackson Lewis P.C., New York (Caterina Catalano of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered August 25, 2023, which denied plaintiff's motion for a default judgment and granted defendant's cross-motion to dismiss the complaint and compel arbitration, unanimously affirmed, with costs.
The motion court providently exercised its discretion in denying plaintiff's motion for a default judgment and dismissing the complaint in favor of arbitration (see generally CPLR 3215; CPLR 7503[a]; Xiaoyong Zhang v Jong, 195 AD3d 435, 435 [1st Dept 2021]; Cooper v Bruckner, 21 AD3d 758, 758-759 [1st Dept 2005]).
The person responsible for managing litigation against defendant averred that defendant did not receive notice of this action until after she left for bereavement leave. It is undisputed that, upon her return, she promptly took action in response. Although defendant's time to appear had already expired prior to the bereavement leave, an affidavit denying receipt of papers is sufficient to demonstrate a lack of actual notice in time to defend sufficient to implicate CPLR 317 (see Price v Boston Rd. Dev. Corp., 56 AD3d 336, 336 [1st Dept 2008]), under which relief from a default may be granted even absent a reasonable excuse (see Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co., 67 NY2d 138, 141-142 [1986]).
Defendant also demonstrated a meritorious defense via submission of agreements demonstrating a clear and unambiguous intention to arbitrate the subject dispute (see generally Matter of Waldron [Goddess], 61 NY2d 181, 183-184 [1984]; Cooper, 21 AD3d at 758-759).
Although, in general, "[i]n order to demonstrate a meritorious defense, a party must submit an affidavit from an individual with knowledge of the facts" (Peacock v Kalikow, 239 AD2d 188, 190 [1st Dept 1997]; see Xiaoyong Zhang, 195 AD3d at 435), the absence of such an affidavit is not dispositive where, as here, the defense is self-evident on the face of conclusive documentary evidence. Such documentary evidence may properly be submitted via attorney affirmation (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Plaintiff waived any challenge to the authenticity or admissibility of these agreements by failing to raise it before the motion court.
It does not matter that some of the relevant agreements were not counter-signed by defendant, as they were undisputedly signed by plaintiff, the party against whom they are sought to be enforced (cf. God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006] [arbitration agreement need not be signed "so long as there is other proof that the parties actually agreed on it"]). Moreover, insofar as plaintiff also relies on these agreements as the basis for his claims, he cannot pick and choose which provisions bind him (see id. at 374; Arrowhead Golf Club, LLC v Bryan Cave, LLP, 59 AD3d 347, 347 [1st Dept 2009]).
The fact that some of the relevant agreements contemplate that arbitration will be completed under the auspices of different [*2]arbitral organizations does not render them ambiguous or unenforceable. While this might result in greater inconvenience or expense insofar as plaintiff may be required to adjudicate his claims in more than one forum, plaintiff expressly agreed to this structure and this is not a sufficient basis to vacate his agreement (see Atlantic Container Line AB v Volvo Car Corp., 2014 US Dist LEXIS 139448, *19-20, 2014 WL 4730152, *7 [SD NY, Sept. 22, 2014, No. 14-cv-1811 (CM)]; Greater N.Y. Auto. Dealers Assn. v Environmental Sys. Testing, Inc., 211 FRD 71, 85 [ED NY 2002]). This is not a case, like the one on which plaintiff relies, in which nonarbitrable claims were "inextricably intertwined" with arbitrable ones (ALP, Inc. v Moskowitz, 204 AD3d 454, 456 [1st Dept 2022]).
We do not reach plaintiff's contention that defendant's motion to dismiss should have been denied as untimely, which was raised for the first time on appeal. If reached, we would find that defendants' motion to dismiss was properly considered even though untimely, for the same reasons detailed above (see generally Kelly v City of New York, 221 AD3d 534, 534 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024