| **Urban v 35 E. 19th St. Medicine, P.C.** |
|:---:|
| 2024 NY Slip Op 34522(U) |
| December 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151191/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** | **33M** |
| | *Justice* | | |

----------------------------------------------------------------X

ZEBA URBAN

                                  Plaintiff,

                        - V -

35 EAST 19TH STREET MEDICINE, P.C.,

                              Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151191/2024 |
| **MOTION DATE** | 03/13/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for                  **COMPEL ARBITRATION** .

Upon the foregoing documents, and a final submission date of August 6, 2024, Defendant 35 East 19th Street Medicine, P.C.'s ("Defendant") motion to compel arbitration and dismiss or stay this action pending arbitration and for sanctions and attorneys' fees and costs against Plaintiff Zeba Urban ("Plaintiff") is granted in part and denied in part.

## I.     Background

This is an employment discrimination action pursuant to NY Exec Law § 290 et seq., and New York City Administrative Code § 8-101 et seq. (*see generally* NYSCEF Doc. 1). Plaintiff alleges she was subject to discriminatory treatment based on her pregnancy and gender while employed by Defendant. Plaintiff resigned and brought this action against Defendant on February 7, 2024, seeking to recover damages under the New York State Human Rights Law and the New York City Administrative Code. Defendant asserts that Plaintiff signed an arbitration agreement (the "Agreement") in which both parties agreed to arbitrate all employment-related disputes (*see* NYSCEF Doc. 8). Defendant moves to compel arbitration and dismiss or stay this action.

## II.  Discussion

New York public policy favors enforcement of contracts for arbitration (*Cooper v Bruckner*, 21 A.D.3d 758 [1st Dept 2005]). The Federal Arbitration Act ("FAA") is the applicable body of law when a contract containing an arbitration clause "evidences a transaction involving commerce" (*Gilbert v Indeed, Inc.*, 513 F Supp 3d 374, 400 [SDNY 2021]; 9 USC § 2). "Involving" commerce is broad, and indeed the functional equivalent of "affecting" interstate commerce (*Allied-Bruce Terminix Companies, Inc. v Dobson*, 513 US 265, 273-74 [1995]). Where the FAA is applicable, it preempts state and local law on the enforceability of an arbitration clause (*Snazzi Reporting, Inc. v Veritext*, 219 NYS3d 657, 657 [1st Dept 2024]). The FAA provides that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (*Gilbert* at 400).

Here, the parties' contract evidences a transaction involving commerce for purposes of the FAA. Plaintiff was employed by a business that provides treatment and engages in buying and selling goods and supplies across over 90 clinics nationwide. Further, the Agreement explicitly provides that the "Agreement shall be governed by the FAA" and the parties "acknowledge that the [Defendant's] business and the nature of the employment affect interstate commerce" (NYSCEF Doc. 8). Therefore, because the FAA is applicable, CPLR provisions on the enforceability of arbitration agreements are preempted (*Latif v Morgan Stanley & Co. LLC*, 2019 WL 2610985, *3, 2019 US DIST LEXIS 107020, *9 [SD NY 2019]; *see also AT&T Mobility LLC v Concepcion*, 563 US 333, 342 [2011]).

The Agreement was signed and executed by the parties. Plaintiff agreed to arbitrate all employment-related disputes (*see* NYSCEF Doc. 8), and Plaintiff electronically signed the

[* 2]

agreement by clicking a checkbox (*see Wu v Uber Tech, Inc.*, 219 Ad3d 1208, 1208 [1st Dept 2023] [where a valid arbitration agreement existed when a plaintiff electronically signed it by clicking a checkbox and button that confirmed that she reviewed and consented to the terms]; *see also Patel v Macys Inc.*, 168 A.D.3d 632 [1st Dept 2019]).

Furthermore, the Agreement contains a clear and unmistakable waiver of the parties' statutory right to a trial. Here, the parties agreed to "expressly waiv[e] any and all rights to a trial before a judge and/or a jury regarding any disputes and claims which [they] now have or which [they] may in the future have that are subject to arbitration under this agreement" (NYSCEF Doc. 8). The Agreement sets forth an exhaustive list of "claims covered by the agreement" which includes, *inter alia*, "claims for . . . discrimination" and "claims under any and all federal, state, or municipal statutes regulations, or ordinances, including but not limited to laws that prohibit discrimination, harassment, or retaliation in employment pursuant to any federal, state, or local fair employment or right to leave laws" (NYSCEF Doc. 8). There is no showing that the Agreement is unconscionable to the extent it requires arbitration of such claims (*Newton v LVMH Moet Hennessy Louis Vuitton Inc.*, 192 AD3d 540, 541 [1st Dept 2021]).

Thus, Defendant's motion to compel arbitration pursuant to the FAA is granted, and the action is stayed pending arbitration. Further, the Court, in the exercise of its discretion, denies Defendant's request for sanctions and attorneys' fees and costs under 22 NYCRR § 130-1.1(a). Sanctions are to be reserved for purely frivolous conduct. Here, the Plaintiff has raised non-frivolous arguments in opposition to Defendant's motion to compel arbitration.

Accordingly, it is hereby,

ORDERED that Defendant 35 East 19th Street Medicine, P.C.'s motion to compel arbitration is granted; and it is further

ORDERED that Plaintiff Zeba Urban shall arbitrate her claims against Defendant 35 East

19th Street Medicine, P.C. in accordance with the arbitration agreement; and it is further

ORDERED that all proceedings in this action are hereby stayed, except for an application

to vacate or modify said stay; and it is further

ORDERED that either party may make an application by order to show cause to vacate or

modify this stay upon the final determination of the arbitration; and it is further

ORDERED that the branch of Defendant's motion requesting sanctions and attorneys' fees

and costs pursuant to 22 NYCRR § 130-1.1(a) is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this

Decision and Order, with notice of entry, on Plaintiff via NYSCEF.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **12/20/2024** | _MG VRosado JR_ |
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |